## THE SYLPH.

### No. 16343.

District Court, E. D. New York.
Dec. 11, 1941.

Regan & Barrett, of New York City (Edward G. Bathon, of New York City, of counsel), for libelant.

Maurice M. Kreis, of New York City, for respondent Jeremiah Driscoll.

William H. Browne, of New York City, amicus curiae, on behalf of Army and Navy Union, U.S.A., Department of New York.

MOSCOWITZ, District Judge.

This is a motion on behalf of Jeremiah Driscoll, respondent herein, for a stay under the Soldiers' and Sailors' Civil Relief Act of 1918, 50 U.S.C.A. Appendix, § 101 et seq., as extended, 50 U.S.C.A. Appendix, § 501 et seq.

The Worthington Company, Inc., predecessor in interest to the libelant, on May 9, 1935, sold to the respondent a marine Diesel engine for use in the Motor Vessel Sylph for the sum of $28,080, payable in forty-eight installments.

On February 3, 1939, Worthington, Inc., commenced a proceeding in this Court to foreclose a chattel mortgage upon the Sylph given as collateral security to secure the payment of the Sylph, the amount of judgment demanded was $19,760.28.

On February 24, 1939, Worthington, Inc., and the respondents Jeremiah Driscoll and John W. Nugent entered into an agreement of settlement and discontinuance of the action, pursuant to the terms of which the indebtedness due from the respondents was reduced by the sum of approximately $3,200 and there was delivered to the Worthington, Inc., by the respondents a Marine Preferred Mortgage covering the Sylph four per cent note in the sum of $16,500 secured by said mortgage. Under the terms of this mortgage the respondents agreed to pay the libelant the sum of $5,500 during the period from May 15th to October 15th in monthly installments during each of the years 1939, 1940 and 1941, together with interest at the rate of four per cent per annum and insurance in the sum of twenty-five cents per month for each $100 of unpaid principal. Respondents paid on account thereof $3,850 in 1939, $2,300 in 1940 and $1,400 in 1941.

Edward G. Bathon makes an affidavit in which he states that Driscoll was present in New York and conferred at the office of the attorneys for the libelant on August 28, August 29, September 2, September 5, September 6 and October 16, 1941, and during these conferences he stated that he would pledge a one-third stock interest in a corporation owing the Sylph II which he claimed was worth approximately $60,000, upon condition that his co-owner and partner, Nugent, would do likewise, such stock to be held as collateral security for the indebtedness due the libelant and for the cost of the repairs. Nugent refused to enter into this arrangement and the agreement was never consummated.

On October 20, 1941, a final decree was entered directing the sale of the Sylph and providing that if the net proceeds of the sale shall be insufficient to pay the amount awarded to the libelant that a deficiency judgment should be entered against the respondents Nugent and Driscoll.

Upon the argument of the motion counsel for the libelant offered to waive a personal judgment against the respondent, this Driscoll refused and insisted that the Court enter an order staying the sale of the Sylph indefinitely.

Upon the facts it appears that a stay would cause a depreciation of the value of the vessel and that, furthermore, there would be a better market for the Sylph now than at a later period. It appears that Driscoll deliberately permitted a default to be taken when he was present in New York and had ample opportunity to confer with proctors in order to prepare a defense. From the facts as disclosed there appears to be no defense to the action.

The purpose of the Soldiers' and Sailors' Civil Relief Act, Chapter 888, 3rd Session, Public No. 861, 76th Congress, Section 302, 50 U.S.C.A. Appendix, § 532, was to afford protection to a soldier or sailor while in the service of his country, and the Court is empowered to grant a stay. The Soldiers' and Sailors' Civil Relief Act pro-

vides for the suspension of the enforcement of civil liabilities against persons in the service of the United States "in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force", 50 U.S.C.A. Appendix, § 510, and that any proceedings which prejudice the civil rights of persons in the military service should be stayed, and that the Court should stay any such proceeding "unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service". 50 U.S.C.A. Appendix, § 532.

Respondent had full opportunity to put in a defense although there appears that there is no defense, and deliberately defaulted although he had access to counsel, and failed to comply with the terms of his obligations which are not materially affected in any way by reason of his military service.

The sale of the boat will be stayed for a period of sixty (60) days. The sale may be had thereafter upon condition, however, that the libelant stipulate to waive a personal judgment against the respondent Driscoll.

Settle order on notice.